**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Nathan SHAVIN, Defendant-Appellant.**

**No. 13676.**

United States Court of Appeals Seventh Circuit.

July 2, 1963.

Rehearing Denied July 26, 1963.

See also 7 Cir., 287 F.2d 647.

William T. Kirby, Anna R. Lavin, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Peter Lulinski and John Powers Crowley, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before SCHNACKENBERG and SWYGERT, Circuit Judges, and PLATT, District Judge.

PLATT, District Judge.

Defendant, Nathan Shavin, was tried to a jury on a two count indictment charging that he did wilfully and knowingly attempt to evade a part of his income tax due and owing the Government, by filing a false and fraudulent income tax return for the calendar years 1954 and 1955 in violation of Title 26 U.S.C. § 7201. The jury returned a verdict of guilty and the Court sentenced the defendant for a period of eighteen (18) months on each count of the indictment, such sentences to run concurrently; and a fine of $2,500.00 was imposed on each count, such fines to be cumulative. Motions for new trial, judgment for acquittal not withstanding the verdict, and in arrest of judgment were all denied. From this judgment the defendant has appealed.

The defendant and his wife filed joint tax returns. He was licensed to practice law in Illinois in 1926, and maintained offices at 10 North Clark Street, Chicago, Illinois. Most of his law business was in the personal injury field in which he represented plaintiffs. His return for the year 1954 discloses a gross income from business of $216,106.66, less expenses for business of $164,272.74, and after deductions and exemptions, a tax of $11,046.00 was paid on the net income of $33,291.97. The tax return for the year 1955 discloses total receipts from business in the amount of $240,910.20 and expenses in the amount of $198,856.30. After further deductions and exemptions a tax of $13,144.95 was paid on the taxable income of $37,405.56.

November 9, 1956, Mr. George Marseille, an Internal Revenue Agent, was assigned the 1953 income tax of the defendant for examination. In February 1957, he procured a consent extending the period of examination from the defendant and his wife. In March 1957, he started his investigation in Mr. Shavin's office. He requested and was given

a copy of the defendant's tax returns for the years 1954 and 1955. The defendant also gave him the cash disbursement books, his list of fees received, and work papers for the returns of those years. Mr. Shavin gave him the use of a room in his office. During the course of the investigation Mr. Marseille requested the cash receipts book, but the defendant informed him that he had given him a list of all the receipts for the years 1953, 1954, and 1955; that he did not keep his bank deposit slips nor cancelled checks; and that the only retained records of fees and expenses were his case files which he allowed Mr. Marseille to use. In June 1957, a search was made in the court records in Cook County, the Chicago Index Corporation, a corporation keeping records of litigation where insurance was involved, and in the records of the various insurance companies to check the payments to plaintiffs in various cases and the payments to their attorneys, Shavin and Hamilton. Mr. Hamilton was not a partner of Mr. Shavin, but was employed by him. From the investigation it was found that Mr. Shavin had understated his income for 1954 in the amount of $28,104.50, and in 1955, $61,063.91.

The defendant in his brief relies upon errors which arise out of the sufficiency of the evidence; ruling on evidence, both admissions and exclusions; failure to grant a hearing on motion to suppress as untimely made; failure to suppress evidence; failure to declare a mistrial for misconduct of the prosecution; erroneous instructions; and the refusal to reassign the cause for trial.

In the oral argument, defendant's counsel has emphasized certain of these errors to which this Court will first give its attention.

The defendant assigns error for the reason that the trial judge denied defendant's motion to recuse himself. Judge Hoffman presided at the trials of the defendant when he was charged with the violation of § 1341, Title 18 U.S.C., commonly known as the Mail Fraud Statute. In the first trial which ended in July 1959, the jury disagreed, and at the second trial in the spring of 1960 the defendant was convicted but the case was reversed by this Court. United States v. Shavin, 7 Cir., 1961, 287 F.2d 647. The defendant insists that since Judge Hoffman twice ruled the evidence was sufficient to permit the case to go to the jury in the previous trials, and since there was fraud again charged in this indictment Judge Hoffman might unconsciously have become prejudiced against the defendant. The defendant's motion was not framed under § 144, Title 28 U.S.C. for change of venue because Judge Hoffman was biased. Whether Judge Hoffman had an opinion as to the guilt or innocence of the defendant, he showed no indication of prejudice either by any remark or ruling. It was his duty to permit the prior case to go to the jury when the Government made a prima facie case. None of the cases cited by the defendant make it mandatory for the presiding judge to disqualify himself under the facts presented here. We believe that in each case the judge should determine on the facts whether he should recuse himself. United States v. Guattrone, D.C.D.C., 1957, 149 F.Supp. 240; Parker v. New England Oil Corporation, D.C.D. Mass., 1926, 13 F.2d 497; United States v. Valenti, D.C.D.N.J., 1957, 120 F.Supp. 80. We do not believe that Judge Hoffman committed error in refusing to reassign this case.

The defendant next assigns error that the Government did not discharge its obligation to demonstrate a prima facie tax due for the years 1954 and 1955. The Government made proof that the defendant's returns failed to report fees which he received in 1954 of $28,104.50, and for 1955, $61,063.91. The defendant maintains that the Government should have investigated and considered defendant's expenses which were not included as deductions in his tax returns. These claimed expenses in 1954 amounted to $28,061.06 which left a balance of unreported net income of $43.44, and in 1955 amounted to $22,690.69, leaving a balance of unreported in-

come of $39,108.63. The only proof that these were legitimate expenses of the defendant was that they were placed under the heading "office" in the cash disbursement books by Mr. Berk, who examined the defendant's checkstubs and noted the amounts under the item "office" regardless of whether they were personal expenses or office expenses. Berk came to the defendant's office from time to time to keep the records, and other employees of the defendant also posted expenses in the disbursement book. The defendant's attorneys evidently recognized the insufficiency of the records when they stated in defendant's brief:

"The various inadequacies and weaknesses of the 1954 and 1955 system of maintaining records in Shavin's office are no longer a problem because certified public accountants have been keeping records for some years (A. 314) and the part-time bookkeeper Berk, and the lawyer Hamilton, who prepared the returns in question, have worked on no returns subsequent to the 1955 return."

The defendant offered no receipts or cancelled checks to verify these items. Admittedly, some of them appear on their face to be personal expenses and are not deductible. For his position that the Government should have investigated and considered the deductions, the defendant relies upon Beck v. United States, 9 Cir., 1962, 298 F.2d 622, certiorari denied 370 U.S. 919, 82 S.Ct. 1558, 8 L.Ed.2d 499. He concludes from this case that the Government was required "[to exhaust] all leads suggested or provided by the taxpayer indicating income and deductions * * *." In Beck the taxpayer was charged with the failure to report income obtained by embezzlement. In order for the Government to prove that these funds were received as income and not as legitimate expenses, it was necessary that the Government prove that all funds received as expenses were not for legitimate expenses and therefore were embezzled funds. It is obvious in Beck that for the Government to prove a prima facie case it had to investigate and consider all leads provided by the taxpayer, to determine if any of the funds which he had failed to report were actually legitimate expenses.

The defendant also insists that the Beck case followed United States v. Stayback, 3 Cir., 1954, 212 F.2d 313, certiorari denied 348 U.S. 911, 75 S.Ct. 289, 99 L.Ed. 714, which also required the Government to investigate and consider all of the defendant's deductions. This is refuted when the Court there stated, 212 F.2d at page 317:

"The crux of the defendant's contention is that the government was charged under the law with the burden of establishing (1) defendant's gross sales were higher than reported; (2) his deductible operating costs; and (3) that his net income (after deduction of his operating costs from gross sales) was in excess of that which he had reported.

"Because of his view that the government was under the burden stated, the defendant made virtually no attempt to establish that his deductible operating costs exceeded those which he reported in his tax returns.

"Defendant has made his bed and he must lie in it. He was wrong in his view that the burden is on the government to establish his allowable operating costs and other deductions.

" * * * The government is not required to prove the negative, i. e., that the defendant did not have any other deductions."

Obviously, Stayback does not support the defendant's position. The rule which requires the Government to investigate and present evidence upon the claimed deductions applies in the case where the Government proves its case under the net worth theory but not where the proof is made by establishing specific items which were not reported as income as in the instant case. Swallow v. United States, 10 Cir., 1962, 307 F.2d 81, cer-

tiorari denied 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 499. In United States v. Bender, 7 Cir., 1955, 218 F.2d 869, certiorari denied 349 U.S. 920, 75 S.Ct. 660, 99 L. Ed. 1253, the defendant raised a similar contention that the Government had not proved any additional tax due although it had established unreported income because it made no proof that there were no compensating deductions or exclusions. This Court said 218 F.2d at page 871:

> "The defendant seems to contend that the Government here must prove all the facts necessary to show unpaid tax on net income in excess of all business costs and expenses and personal exemptions. But that is not required.
>
> "The taxpayer's costs and other factors which would lessen his tax liability are peculiarly within his own knowledge. Accordingly, the law has placed upon him the burden of going forward with the evidence once the Government has established receipts in excess of those reported in his income tax return."

The language there used is equally applicable here. When the Government proved the unreported income for the years 1954 and 1955 it established a prima facie case.

■ This brings forward the next error claimed and emphasized by the defendant, that the defendant's summaries which were prepared by his expert should have been admitted in evidence. The lawyer and accountant, Mr. Joseph DeLavan, who prepared the defendant's summaries, used monthly totals as per "office" column for the years 1953, 1954, and 1955 from the cash disbursement books. He admitted he did not check the various items to determine whether they were legitimate expenses, nor did he check the totals to ascertain if the columns were correctly added. There was evidence that this column contained personal expenses which were not proper deductions. The 1954 summary prepared by Mr. DeLavan showed the defendant's

net increase of income to be $43.44, and the summary for 1955 showed defendant's net increase to be $39,108.63. The admission of the defendant's summaries into evidence was in the sound discretion of the trial court. United States v. Bernard, 7 Cir. 1961, 287 F.2d 715, certiorari denied 366 U.S. 961, 81 S.Ct. 1921, 6 L.Ed.2d 1253. Inasmuch as the defendant failed to make the sufficient proof that these expenses were business expenses, as it was his burden to do, the trial court did not abuse its discretion when it denied the admission of defendant's summaries into evidence.

■ The trial court properly overruled the defendant's objection to the Government's summaries. Again, the defendant maintains that it was error to permit these summaries to go into evidence without taking into consideration the claimed additional expenses. Here the defendant relies on United States v. Vardine, 2 Cir., 1962, 305 F.2d 60; Flemister v. United States, 5 Cir., 1958, 260 F.2d 513. In Vardine the Government failed to reduce the defendant's bank account by the amount of outstanding checks and added to the defendant's assets paper gains on old machinery and trucks traded for new equipment. In Flemister the Court held it error not to reduce the defendant's net worth by $3,500.00 which the Government admitted to be a valid indebtedness. Since the Government made proof in these cases on the net worth theory the summaries should have reflected these items to decrease the defendant's net worth bulge. In the instant case the Government's proof was not offered on the net worth theory but disclosed that the defendant failed to include specific fees in his reported income. The Government's summaries here disclosed its version of the case, and properly omitted the claimed expenses which the defendant contends should have been deducted. Furthermore, the Court instructed the jury in regard to these summaries as follows:

> "Now, there have been admitted in evidence certain exhibits variously referred to as schedules or sum-

maries. Specifically speaking, these exhibits are not actual evidence, but they are admitted as summaries of other evidence in the case, and they are admitted only for your assistance and convenience in considering the other evidence which they purport to summarize. Exhibits of this nature are permitted where they are based upon voluminous books, records or documents already in evidence in order to assist you, the jury, in determining the ultimate facts upon which such books, records or documents which are in evidence, and summaries are admitted only to assist you in considering that evidence. For that purpose you are entitled to consider them."

With this instruction there was no error in permitting the Government's summaries to go into evidence. United States v. Bernard, supra.

█ The defendant further assigns error in that the jury was not fairly instructed and in substance that the Court failed to give an instruction sufficiently informing the jury that the defendant should not be found guilty for any negligent understatements of his income in his returns. The jury was instructed:

"It is not sufficient for you to find that the return or returns were erroneous, and that there was an intent to file a return that was actually erroneous. You must find the defendant not guilty unless you are satisfied by the evidence, beyond a reasonable doubt, that the defendant had the specific wrongful intent required for a conviction, that is, to say, actual knowledge of the existence of the obligation to pay his tax, and the wrongful intent to evade it.

*   *   *   *   *   *

"I repeat, the attempt to evade and defeat the tax must be a wilful attempt, that is to say, it must be made with the intent to keep from the government a tax imposed by the income tax laws, which the taxpayer, Nathan Shavin, was obligated to pay

to the government. The attempt must be wilful, that is, intentionally done, with the intent that the government should be defrauded of the income tax due from him."

The jury was thoroughly informed on the necessity of proof of wilful violation with intent to defraud the Government of the taxes due, and this should have eliminated a finding of guilty based upon negligence.

█ There is no merit in the defendant's claim that the Court erred in not suppressing the evidence obtained from the defendant. Rule 41(e) of Federal Rules of Criminal Procedure provides in part:

"Motion for Return of Property and to Suppress Evidence. *  *  * The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

The indictment was returned March 30, 1961; the trial commenced November 20, 1961, and not until the trial had proceeded into the testimony of the fourth witness did the defendant make a motion to suppress the evidence. The defendant must have known that there was an investigation of his tax returns because he voluntarily furnished his cash disbursement books, list of fees received, and copies of his 1954 and 1955 tax returns in March 1957. The defendant was represented by counsel during the entire period, although he did change attorneys. Under the circumstances presented the defendant must have been aware of the grounds for his motion to suppress and had a long period of time prior to the trial to file the motion. The trial court was therefore justified in denying the motion to suppress at the time it was presented. United States v. Sferas, 7 Cir., 1959, 210 F.2d 69, certiorari denied 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086; United States v. Di-Donato, 2 Cir., 1962, 301 F.2d 383, cer-

tiorari denied 370 U.S. 917, 82 S.Ct. 1557, 8 L.Ed.2d 497; Rosen v. United States, 5 Cir., 1961, 293 F.2d 938.

■ The defendant also assigns as error that the Court permitted evidence to be heard as to the 1953 tax return. The purpose of this evidence was merely to show the intent of the defendant to defraud the government of its tax, and the jury was instructed accordingly. This evidence was properly admitted. United States v. Frank, 3 Cir., 1957, 245 F.2d 284, certiorari denied 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35; Mitchell v. United States, 3 Cir., 1954, 213 F.2d 951, certiorari denied 348 U.S. 912, 75 S.Ct. 290, 99 L.Ed. 715.

We have examined the other errors assigned by the defendant and find that they are not of sufficient weight to require comment.

For the reasons stated the judgment must be affirmed.

Affirmed.