STANLEY OLSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olson v. Commissioner
Docket No. 1915-82.
United States Tax Court
T.C. Memo 1984-34; 1984 Tax Ct. Memo LEXIS 637; 47 T.C.M. (CCH) 934; T.C.M. (RIA) 84034; January 18, 1984. Stanley Olson, pro se. Martha Combellick and Patricia Beary, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $2,022 in petitioner's Federal income taxes for 1979 and additions to tax of $1,011 under section 6653(b) [1] and $46 under section 6654. The only genuine issue in this case is whether the underpayment of petitioner's income tax is due to fraud. On January 17, 1983, respondent served on petitioner Respondent's Request for Admissions pursuant to Rule 90. Petitioner did not serve any responses to those requests and, therefore, the matters set forth therein are deemed admitted. Rule 90(c) and (f). Those matters include the amount of wages *639 earned by petitioner and his wife during the year in question, the filing of false W-4 certificates, the filing of a document devoid of any information from which petitioner's tax liability could be computed and the invalidity of that document as an income tax return for 1979, and the failure to file any valid return for that year. In addition to the admissions, evidence produced by respondent at trial clearly and convincingly establishes petitioner's liability for the deficiency and the additions to tax. FINDINGS OF FACT At the time he filed his petition herein and during the year 1979, petitioner was a resident of Arizona. During 1979, he was married to Jo Ann L. Olson. During 1979, petitioner was employed by Bechtel Power Corporation and by Newbery Constructors, Inc., and he earned a total of $24,092.69 from that employment. Jo Ann L. Olson was employed and earned wages of $823.79 during that year. During 1979, petitioner submitted to Bechtel Power Corporation and to Newbery Constructors, Inc., W-4 forms on which he claimed to be exempt from withholding taxes and certified, under penalties of perjury, that he incurred no liability for Federal income taxes for the prior *640 year and that he anticipated that he would incur no liability for Federal income taxes for the (then) current year. Those certificates were false, and petitioner knew that they were false. Petitioner was employed and earning wages at the time he executed the certificates, and he had been so employed during 1978 and had earned wages exceeding $17,000 during that prior year. He had no reason to believe that he was exempt from Federal income taxes. [2]
Petitioner did not file a valid Federal income tax return for 1979. On or about April 15, 1980, he tendered to the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, on which he had inserted on every line an asterisk in lieu of information from which his tax liability could be determined. The asterisks referred to objections under the *641 Fifth Amendment as well as other amendments to the United States Constitution. Petitioner's name appeared only on attachments to the return, which attachments included a variety of materials not relevant to petitioner's tax liability. OPINION Under Arizona law, the earnings of either spouse during marriage are community property. Ariz.Rev. Stat. Ann. sec. 25-211 (West 1976); see Goodell v. Koch,282 U.S. 118 (1930). Each spouse is thus taxable on one-half of the community earnings. United States v. Mitchell,403 U.S. 190, 196-197 (1971); Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982), affg. an unreported decision of this Court. Petitioner has admitted that he and his spouse received total wages of $24,916 during 1979. He was required, therefore, to report one-half of that, or $12,458, on an income tax return for 1979. Sections 6011, 6012(a). At trial petitioner claimed that he had deductions not recognized in respondent's calculations. As to the addition to tax under section 6653(b), respondent, of course, bears the burden of proving by clear and convincing evidence that petitioner *642 has an underpayment for the year in issue, and that some part of such underpayment is due to fraud. Section 7454(a); Rule 142(b). See Shaw v. Commissioner,27 T.C. 561, 570 (1956), affd. 252 F.2d 681 (6th Cir. 1958). Respondent need not, however, prove that petitioner did not have the offsetting deductions he asserts in conclusionary terms. Once respondent has presented clear and convincing evidence of unreported gross receipts, petitioner has the burden of coming forward with evidence as to the amount of offsetting deductions claimed by him, even in criminal cases where the government must prove a deficiency beyond a reasonable doubt. Elwert v. United States,231 F.2d 928, 933 (9th Cir. 1956); Siravo v. United States,377 F.2d 469, 473 (1st Cir. 1967); United States v. Shavin,320 F.2d 308, 310-311 (7th Cir. 1963). [3]
*643 Petitioner contends that he refused to provide the information called for on the tax return or to present evidence of his deductions at the time of trial because he feared the use that might be made of that information by various governmental agencies. He erroneously asserts that the Fifth Amendment to the United States Constitution protects him from any consequences of his refusals to comply with the requirements for a valid income tax return. He is obviously attempting, however, to do just what the United States Supreme Court long ago said that he could not do, that is, to "draw a conjurer's circle around the whole matter" of his tax liability. United States v. Sullivan,274 U.S. 259, 264 (1927). The "conjurer's circle" effect, of course, would arise if petitioner were successful in failing to comply with the requirement of the law that he file a correct tax return and in then attempting to justify his failure, abinitio, by reference to a subsequent criminal investigation into his noncompliance with the law. In any event, there is apparently no pending criminal investigation of petitioner. He at no time has established a predicate for his claim of *644 Fifty Amendment privilege in response to a particular question or requirement of production of particular information, and he cannot thereby avoid his liability. See United States v. Rylander, 460 U.S.     (Apr. 19, 1983); United States v. Neff,615 F.2d 1235 (9th Cir. 1980); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner,supra;Steinbrecher v. Commissioner,712 F.2d 195, 198 (5th Cir. 1983). The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent's burden of proof is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), *645 affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). The absence of specific indications of a reasonable possibility of incrimination and the tax protest nature of the materials printed on and attached to the Forms 1040 support an inference that petitioner's refusal to supply information in this case was motivated by a desire to evade taxes rather than a fear of self-incrimination. See United States v. Neff,supra;Rechtzigel v. Commissioner,79 T.C. 132, 138-139 (1982), *646 affd. per curiam 703 F.2d 1063 (8th Cir. 1983). We need not decide, however, whether a patently spurious claim of reliance on the Fifth Amendment, standing alone, would establish fraud. There is other compelling evidence in this case that establishes fraud, i.e., the false withholding certificates supplied to petitioner's employers for the purpose of preventing withholding from his wage income. If petitioner's Fifth Amendment concerns were genuine and not intended as a "subterfuge to avoid paying taxes," Lukovsky v. Commissioner,692 F.2d 527, 528 (8th Cir. 1982), affg. an order of this Court, his privilege would not have been abridged by payment of taxes on his lawful wage income through withholding by his employer. It is difficult to imagine how withholding alone would incriminate petitioner, and, even if taxes withheld from his wages were potential evidence regarding some crime, this evidence was not compelled from petitioner but from his employer. The Fifth Amendment forbids personal compulsion of the party seeking to assert it; "it necessarily does not proscribe incriminating statements elicited from another." Couch v. United States,409 U.S. 322, 328 (1973). *647 Notwithstanding his purported belief that he was exempt from tax, this type of self-help is unexcused and essentially inexcusable. A political belief that the law is wrong or a mistaken belief that a statute is unconstitutional and that one has the right to violate it is not a defense to a criminal prosecution for filing a false or fraudulent W-4 form in violation of section 7205. United States v. Ness,652 F.2d 890 (9th Cir. 1981); United States v. Moss,604 F.2d 569 (8th Cir. 1979), cert. denied 444 U.S. 1071 (1980); United States v. Quilty,541 F.2d 172 (7th Cir. 1976); United States v. Malinowski,472 F.2d 850 (3d Cir. 1973). Afortiori, filing of false certificates claiming an excessive number of exemptions or claiming that the taxpayer is exempt from income tax is evidence of fraud by the lesser standard of proof applicable in a civil proceeding. Rowlee v. Commissioner,80 T.C. 1111, 1125-1126 (1983), on appeal (2d Cir., Sept. 13, 1983); Hebrank v. Commissioner,81 T.C. 640 (1983); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), *648 on appeal (6th Cir., June 7, 1983); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). Under these circumstances, respondent has presented clear and convincing evidence of fraud, and the additions to tax must be sustained. The addition to tax under section 6654 for underpayment of estimated taxes is mandatory absent some exception not shown to apply here. Grosshandler v. Commissioner,75 T.C. 1 (1980). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. The Court takes judicial notice of the fact that in this Court's docket Nos. 7994-80S and 20398-80S the Court found that petitioner and his wife each had a deficiency in Federal income tax for 1978 of $2,822 and were liable for additions to tax under sections 6651(a) and 6653(a) of $35.47 and $141.10, respectively. T.C. Summary Opinion 1981-1015, filed November 10, 1981.↩
3. See also Bourque v. Commissioner,T.C. Memo. 1980-286. This rule is independent of the general rule applicable to civil cases in which petitioner has the burden of proving that he is entitled to deductions before they may be allowed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Welch v. Helvering,290 U.S. 111↩ (1933); Rule 142(a).