JACK D. GREENWOOD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greenwood v. Commissioner
Docket No. 19753-88
United States Tax Court
T.C. Memo 1990-362; 1990 Tax Ct. Memo LEXIS 379; 60 T.C.M. (CCH) 149; T.C.M. (RIA) 90362; July 18, 1990, Filed *379 Decision will be entered for the respondent. Jack D. Greenwood, pro se. Osmun R. Latrobe, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6654
6661(a)
1982
$ 53,137
$ 26,569
*
$ 5,173
$ 13,284
1983
58,351
29,176
*
3,571
14,588
1984
61,532
30,766
*
3,868
15,383
1985
64,576
32,288
*
3,700
16,144
*380 Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue. By amendment to the answer, respondent has asserted additions to tax for failure to file and for negligence in the event that we do not sustain the additions to tax for fraud. By reason of petitioner's failure to present evidence or otherwise properly to prosecute the case, all issues other than the additions to tax under section 6653(b), as to which respondent has the burden of proof, are decided against petitioner. Rules 123, 142(a), and 149(b), Tax Court Rules of Practice and Procedure.
FINDINGS OF FACT Petitioner resided in Oklahoma City, Oklahoma, at the time he filed his petition. Petitioner did not file tax returns for any year from 1970 through 1988 other than 1973. On May 12, 1987, he was convicted of failure to file Federal income tax returns for 1974 and 1975 in violation of section 7203. Petitioner *381 also has been convicted of failing to file Oklahoma State income tax returns and incarcerated as part of his sentence. Over a period of years, at least including 1977 and 1979, petitioner was an active participant in tax protest groups that conducted seminars on means of avoiding Federal income taxes. During the years in issue, petitioner was an insurance agent for State Farm Insurance Companies (State Farm). He received commission income and other compensation from State Farm of $ 109,973.93 in 1982, $ 124,863.32 in 1983, and $ 130,535.56 in 1984. Petitioner also received other income. He did not have business expenses or personal deductions that would offset his gross income, and he had substantial taxable income and income tax liabilities for each of the years in issue. Although petitioner received reports of his earnings from State Farm, he failed and refused to maintain records that would disclose his taxable income. He refused to present records for examination by the Internal Revenue Service when his tax liability was investigated. By commencing or threatening suits for damages, he attempted to intimidate persons involved in determination of his tax liabilities, including *382 special agents examining his liabilities for 1974 and 1975, respondent's counsel in this case, and an employee of State Farm who testified as a witness. OPINION Notwithstanding his prior criminal convictions, petitioner has continued to maintain frivolous tax protest positions. He challenges the jurisdiction of this Court, although he filed a petition seeking relief from us. His petition alleged that he is not liable for income tax. At the commencement of trial, he filed a Motion for Leave to Withdraw Petition, claiming that he is not a taxpayer. His petition cannot be withdrawn. See Estate of Ming v. Commissioner, 62 T.C. 519, 524 (1974). Petitioner refused to present evidence of his income or deductions. He was called as a witness by respondent, but he objected to almost all of the questions and refused to answer them, citing the Fourth and Fifth Amendments to the Constitution. The Court did not overrule his claimed Fifth Amendment privilege because his continuing failure to file tax returns suggests a risk of self-incrimination for years subsequent to those in issue. Moreover, it was apparent that threatening petitioner with incarceration for contempt *383 would not coerce testimony from him. The petition alleged that petitioner had not been allowed certain deductions to which he was entitled. In response to a question by respondent's counsel about his business deductions, petitioner asserted that the average State Farm agent incurred expenses varying from 55 to 65 percent but that his would "probably have been 75 percent or over that." Petitioner claimed that he had no records of his business expenses and objected to questions about his personal deductions. In response to a question by respondent's counsel about a pretrial request for records relating to deductions and business expenses, petitioner testified: On that date [August 16, 1989], I had already been advised of the ruling of the appeals court, and was aware that I was headed for incarceration, and if you sent me anything at that time, it didn't mean any more to me than a circular, sir. It would have gone in the trash.
We cannot accept petitioner's assertions that he had expenses, followed by a refusal to specify or substantiate them, in satisfaction of his burden of proving that he is entitled to deductions. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); *384 Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court. It is apparent from his assertions, however, that he did earn a profit from his activities as a State Farm agent. Once respondent proved that petitioner received income, it was up to petitioner to prove offsetting deductions. Cf. United States v. Shavin, 320 F.2d 308, 310-311 (7th Cir. 1963); Elwert v. United States, 231 F.2d 928, 933-936 (9th Cir. 1956).Notwithstanding respondent's burden of proof as to fraud, there comes a time when the taxpayer must come forward with evidence to support his claimed defenses. Brooks v. Commissioner, 82 T.C. 413, 433 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985). The addition to tax under section 6653(b) in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938).Cf. United States v. Thompson, 279 F.2d 165, 169 (10th Cir. 1960). *385 Respondent has the burden of proving, by clear and convincing evidence, that there was an underpayment for each year and that some part of the underpayment was due to fraud. Sec. 7454(a). The burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). In Zell v. Commissioner, 763 F.2d 1139, 1144-1145 (10th Cir. 1985), *386 the Court of Appeals for the Tenth Circuit, to which this case is appealable, held that disclosed defiance of laws requiring the filing of income tax returns does not establish fraud. While acknowledging a split in the circuits, the Court of Appeals stated: a taxpayer is not liable for the civil fraud penalties unless he commits some affirmative act of concealment or misrepresentation. Mere failure to file, whether disclosed or not, does not justify the fraud penalties even when the taxpayer knows taxes are due. [763 F.2d at 1146.]
In Zell, the Court found sufficient affirmative acts of concealment in the taxpayer's filing of false Forms W-4 and continued: In addition, * * * [the taxpayer] in this case did not cooperate with the IRS agents during the investigation. To the extent that this factor has been considered in a number of cases in finding an intent to defraud, it counts against the taxpayer in this case. See, e.g., Powell v. Granquist, 252 F.2d 56, 61 (9th Cir. 1958); Jones v. Commissioner, 259 F.2d 300, 303 (5th Cir. 1958) (finding that taxpayer's cooperation with IRS agents helped to negate *387 any inference of fraud). The lack of cooperation, combined with the failure to file and the false withholding statements, indicates an intent to deceive the government and to impede the collection of his taxes. [763 F.2d at 1146.]
In this case, petitioner was not an employee, and he did not submit Forms W-4. We are convinced, however, that he had an intent to deceive the Government and took affirmative steps to impede the collection of his taxes. Petitioner did more than fail to cooperate during the investigation of his tax liabilities. He deliberately refused to maintain or produce records of his income. Even at trial of this case, he attempted by intimidation to prevent disclosure of information concerning his income. This conduct is an affirmative act of concealment. His pattern of failure to file continued even after his criminal convictions, when clearly he was on notice that his claim that he was not required to file returns and pay taxes on his income lacked merit. On this record, and particularly in view of the rationale of Helvering v. Mitchell, supra, the additions to tax for fraud are sustained. Decision *388 will be entered for the respondent. Footnotes
*. 50 percent of the interest due on the underpayment.↩