T.C. Memo. 2000-370

UNITED STATES TAX COURT

DARLOW T. MADGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10504-99.                    Filed December 7, 2000.

Darlow T. Madge, pro se.

<u>Denise G. Dengler</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies, additions
to tax, and penalties with respect to petitioner's Federal income
tax as follows:

|      |            | Additions to Tax and Penalties | | |
| Year | Deficiency | Sec. 6651(f) | Sec. 6653(b)(1)(A) | Sec. 6654 |
|------|------------|--------------|--------------------|-----------|
| 1987 | $59,607 | -0- | $44,705.79 | $3,199.79 |
| 1988 | 57,101 | -0- | 42,825.75 | 3,672.94 |
| 1989 | 70,534 | $52,900.50 | -0- | 4,770.17 |
| 1990 | 68,450 | 51,337.50 | -0- | 4,481.53 |
| 1991 | 74,079 | 55,559.25 | -0- | 4,233.69 |
| 1992 | 88,708 | 66,531.00 | -0- | 3,869.04 |
| 1993 | 69,563 | 52,172.25 | -0- | 2,914.65 |

Respondent also determined an addition to tax under section 6653(b)(1)(B) for 1987. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Throughout these proceedings, petitioner has maintained only frivolous positions. To the extent that his voluminous submissions are intelligible, he contends that he is not a taxpayer, that his income from sale of hospital supplies is not an item of income taxable under section 61, and that the regulations promulgated under section 61 provide that only foreign income is taxable. Petitioner has maintained these positions despite having been convicted of tax evasion under section 7201 for 1990, 1991, 1992, and 1993 and of conspiracy to obstruct and impede the Internal Revenue Service (IRS) under 18 U.S.C. sec. 371.

Petitioner failed to present any evidence that the amounts of income and deductions determined in the statutory notice are

erroneous.  He argues merely that he has been denied due process because he was not permitted at the administrative level to argue his theories that his income is not taxable.  By reason of his failure to present evidence, all issues other than the additions to tax for fraud under section 6653(b) and the penalties for fraudulent failure to file returns under section 6651(f), as to which respondent has the burden of proof, are decided against petitioner.  See Rules 123, 142(a), 149(b).

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  At the time the petition was filed, petitioner resided at the Federal Prison Camp at Duluth, Minnesota.

Prior to and during the years in issue, petitioner operated a hospital supply business known as Allied Medical Associates (Allied).  The business was operated out of petitioner's residence.  For the years in issue, Allied received income from sales in the following amounts:

| Year | Amount Received |
|------|-----------------|
| 1987 | $385,291.83 |
| 1988 | 472,287.70 |
| 1989 | 541,307.68 |
| 1990 | 557,189.48 |
| 1991 | 469,658.69 |
| 1992 | 464,070.32 |
| 1993 | 442,100.83 |

Petitioner maintained at various locations various bank accounts into which his business receipts were deposited. Some of the accounts were maintained at banks in communities distant from petitioner's residence. Petitioner used false Federal identification numbers on some of those bank accounts. Petitioner did not file income tax returns for any of the years in issue because he decided that the moneys that he received were not gross income as defined by the applicable statutes and regulations. In April 1992, petitioner purported to revoke his Social Security number.

On or about September 27, 1989, petitioner completed a residential loan application. On that application, he represented that his employer was Allied, that he had been employed on that job for 10 years, and that his base employment income was $15,000 per month. On or about May 6, 1993, petitioner executed a uniform residential loan application on which he represented that his employer was Allied, that he had been 14 years on the job, and that his base employment income was $20,000 per month.

In approximately January 1994, the IRS commenced an investigation of petitioner. Petitioner did not cooperate with the investigation and, instead, sought to obstruct the investigation. In March 1994, IRS officers and other law enforcement officials executed a search warrant at petitioner's

residence.  Among items seized at the residence were "accounts receivable" records, "accounts payable" records, bank records, and signed but unfiled tax returns for petitioner for 1981 and 1982.  The accounts receivable and accounts payable records reflected cash receipts and expenditures.  On or about February 20, 1997, petitioner and others were indicted by a Grand Jury for the U.S. District Court for the District of Minnesota. The indictment charged petitioner with conspiracy to obstruct and impede the due administration of the Internal Revenue Code and with tax evasion under section 7201 for 1990 through 1993.  On September 2, 1998, petitioner was convicted of the charges, was sentenced to prison for a term of 41 months, and was ordered to make restitution and pay other amounts to the United States.

Using the records seized at petitioner's residence, respondent calculated the sales of Allied during the years in issue as set forth above, determined that petitioner had other unreported income, and allowed petitioner deductions for expenses appearing in the accounts payable records.

## Discussion

For 1987, section 6653(b)(1) provides in pertinent part:

(1) In general.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of--

(A) 75 percent of the portion of the underpayment which is attributable to fraud, and

(B) an amount equal to 50 percent of the interest payable under section 6601 with respect to such portion for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax or, if earlier, the date of the payment of the tax.

For 1988, the applicable provision was in essence the same as the above section 6653(b)(1)(A).  For 1989 through 1993, section 6651 provides in pertinent part:

SEC. 6651.   FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) Addition to the Tax.--In case of failure--

(1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes) or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

   *     *     *     *     *     *     *

(f) Increase in Penalty for Fraudulent Failure to File.--If any failure to file any return is fraudulent, paragraph (1) of subsection (a) shall be applied--

(1) by substituting "15 percent" for "5 percent" each place it appears, and

          (2) by substituting "75 percent for
"25 percent".

Respondent has the burden of proving fraud.  See sec. 7454(a).
In considering the additions to tax or penalties for fraud, we
consider the same elements under former section 6653(b)(1) and
under section 6651(f).  See Clayton v. Commissioner, 102 T.C.
632, 653 (1994).

Respondent has proven unreported income from petitioner's
business and has allowed deductions that respondent could
identify.  Petitioner has failed to present any evidence of
additional deductions that would offset his income.  See United
States v. Shavin, 320 F.2d 308, 310-311 (7th Cir. 1963); Elwert
v. United States, 231 F.2d 928, 933-936 (9th Cir. 1956);
Greenwood v. Commissioner, T.C. Memo. 1990-362.

The existence of fraud is a question of fact to be resolved
upon consideration of the entire record.  See Gajewski v.
Commissioner, 67 T.C. 181, 199 (1976), affd. without published
opinion 578 F.2d 1383 (8th Cir. 1978).  Fraud may be proved by
circumstantial evidence because direct proof of the taxpayer's
intent is rarely available.  The taxpayer's entire course of
conduct may establish the requisite fraudulent intent.  See Stone
v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v.
Commissioner, 53 T.C. 96, 105-106 (1969).

Over the years, courts have developed various factors,
referred to as badges of fraud, that tend to establish fraud.

See Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).  Those badges include a pattern of understatement of income, failure to file tax returns, implausible or inconsistent explanations of behavior, concealing assets, and failure to cooperate with tax authorities.  See, e.g., Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601.  Each of those badges is present in this case.  Petitioner's use of false Federal identification numbers to conceal bank accounts and failure to make estimated tax payments are further evidence of his intent to conceal income and prevent the collection of tax.  See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Leggett v. Commissioner, T.C. Memo. 1999-100, affd. 221 F.3d 1357 (11th Cir. 2000).  We conclude that respondent has proven fraud for each year by clear and convincing evidence.

It is well settled that a conviction under section 7201 collaterally estops a taxpayer from denying fraud for purposes of former section 6653(b).  See Blohm v. Commissioner, 994 F.2d 1542, 1554 (11th Cir. 1993), affg. T.C. Memo. 1991-636; Amos v. Commissioner, 43 T.C. 50, 54-56 (1964), affd. 360 F.2d 358 (4th Cir. 1965).  In view of the substantive identity between the elements considered under section 6653(b)(1) and section 6651(f), petitioner's conviction under section 7201 for the years 1990 through 1993 collaterally estops him from denying fraud for those

years for purposes of section 6651(f).  See Clayton v. Commissioner, supra; Wallace v. Commissioner, T.C. Memo. 2000-49.

Petitioner argues that he has been denied due process because he was not allowed to argue with respondent's agents at the administrative level or during their testimony in Court about his interpretation of the meaning of the Internal Revenue Code and the regulations adopted under it.  It is apparent that an administrative hearing in this case would have been futile.  Neither his criminal conviction nor the Court's rulings in this case (which he characterized as "ridiculous") have affected his positions.  His positions were certainly not going to be accepted by the IRS.

Petitioner tried prior to and during the trial to withdraw his petition.  He was advised that he could not do so.  See sec. 7459(d); Estate of Ming v. Commissioner, 62 T.C. 519, 524 (1974).  He requested that the Judge recuse herself for bias because she advised him in a telephone conference call that he would lose his argument that he had no income.  That warning to petitioner was made in the context of notice to him about the provisions of section 6673, discussed further below.  The Court never indicated any prejudgment on issues of fact, and advising petitioner of the applicable law is not an indication of disqualifying bias.  See, e.g., United States v. Anderson, 433 F.2d 856-860 (8th Cir. 1970); Rowlee v. Commissioner, supra at 1117 n.4.

Petitioner was warned before and during trial about the likelihood that a penalty would be awarded to the United States if he continued to pursue his groundless and frivolous arguments. See sec. 6673. His response was that "with all the money at stake, it didn't really matter." The large deficiencies, additions to tax, and penalties owed by petitioner resulted from his fraudulent failure to file returns. They are not a reason not to impose a penalty under section 6673 for his maintenance of frivolous positions in this case. Considering the entire record, a penalty should be imposed and will be awarded to the United States in the amount of $25,000. See, e.g., <u>Kowalik v. Commissioner</u>, T.C. Memo. 1990-363.

<u>Decision will be entered for respondent</u>.
