**UNITED STATES of America, Plaintiff,**

**v.**

**David WHITE, individually and doing business as Minnesota Society for Educated Citizens, Defendant.**

**Civ. No. 6–84–405.**

United States District Court, D. Minnesota, Sixth Division.

May 1, 1984.

---

Lawrence E. Meuwissen and Diane E. Tebelius, Trial Attys., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff.

Phillip Villaume, St. Paul, Minn., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

DEVITT, District Judge.

Upon hearing and considering the evidence and the arguments of counsel on plaintiff's motion for an injunction, now combined with trial on the merits, the court makes the following:

### FINDINGS OF FACT

1. Defendant David White is the founder and "executive director of the Minnesota Society for Educated Citizens," (hereafter, MSEC).

2. Operating under the MSEC name, White has engaged in the business of promoting and selling materials to the public containing detailed instructions for the use of false or fraudulent means to evade federal income taxation, particularly as it applies to wages, salaries or other compensation for labor or services.

3. White also offers materials for sale and provides oral instructions for other techniques calculated to harass the personnel of the United States Internal Revenue Service and to impair and impede the performance of the duties of the Internal Revenue Service.

4. The basic material employed by defendant is a set of cassette tapes and written materials, including sample federal income tax forms created by one George Arlen of 122 Spanish Village # 637, Dallas, Texas 75248 who is the head of an organization called the "American Patriots Associations" (APA). Defendant, doing business as MSEC, operates as a local affiliate of the APA.

5. The court finds that the information contained in these written materials and cassette tapes is false and fraudulent on its face. The materials consist of frivolous arguments against the constitutionality and legality of the federal income tax system, arguments which have been repeatedly and uniformly rejected by the courts.

6. Defendant has engaged in the following specific acts:

 (a) he has organized an entity (MSEC) and

 (b) he has sold a plan or arrangement (the Patriots Pursuit of Happiness)

for the principal purpose of securing material federal tax benefits to his customers through the MSEC/Patriot's Pursuit of Happiness Plan which defendant knows, or has reason to know, is false or fraudulent in nearly all respects.

7. Defendant has been selling this package in Minnesota for a fee of $50.00. He also collects fees from "members" of MSEC in exchange for further instruction and advice on ways to evade federal income taxes or to interfere with and impede Internal Revenue Service functions.

8. In particular, the MSEC/Patriot's Pursuit of Happiness package falsely and fraudulently represents:

 (a) that the federal income tax is unconstitutional as a direct tax not apportioned among the states.

 (b) that the federal income tax does not apply to wages or salaries because these are the result of an exchange of property (labor) for property (wages) of equal value.

 (c) that only those individuals who are corporate officers are subject to income tax withholding on their wages or salaries.

(d) that the duty to pay income taxes is dependent upon receiving privileges from the government.

(e) that by listing the total of all of his paychecks received during a taxable year as "wages, salaries, or other compensation" on a federal income tax return, an individual is drawing an incorrect conclusion of law.

9. Defendant also offers for sale and sells additional materials containing:

(a) Detailed instructions on methods calculated to evade the withholding of income taxes and FICA (social security) taxes on wages.

(b) Detailed instructions on ways to obtain federal income tax refunds using a fraudulent schedule "C" which characterizes wages or salary as gross receipts from the business of contracting and takes an artificially created offsetting deduction for "costs of goods sold."

(c) Detailed instructions for the preparation of complaints or other pleadings and memoranda to be filed in court to advance one or more of the frivolous positions espoused by defendant and those associated with him.

(d) Detailed instructions on methods calculated to delay, hinder or impede audits, investigation and other lawful actions necessary and appropriate for the administration and enforcement of the Internal Revenue laws.

## REASONS FOR INJUNCTION AND THE APPROPRIATENESS OF RELIEF

10. The scheme promoted by defendant is so clearly illegal that the United States will succeed on the merits against anyone seeking to derive federal income tax benefits through this plan.

11. Defendant's promotion of this false and fraudulent scheme constitutes a threat to the revenues which the government is entitled by law to collect and also threatens irreparable harm to the proper administration and enforcement of those laws.

12. Defendant and those associated with him seek to frustrate the administration and enforcement of the tax laws. Such conduct is contrary to the public interest.

13. Defendant will suffer no harm to any protected legal interest if enjoined from continuing to sell his fraudulent schemes. The United States, individual members of the public who buy defendant's scheme and the public interest in the proper administration and enforcement of the law will continue to suffer if defendant is not enjoined.

14. Unless enjoined, defendant and others associated with him will continue to engage in these illegal activities and to promote imminent unlawful actions on the part of his customers.

15. The activities of defendant have led to a significant number of patently frivolous lawsuits filed in this and other courts. These suits, for refund of withholding taxes and for refunds of frivolous return penalties have been uniformly dismissed or decided against the taxpayer plaintiffs, usually with an award of attorney fees to the government. These cases, nevertheless, have required considerable paper work on the part of court personnel, required the preparation of government motions to dismiss, and deprived other litigants of the attention of the court to meritorious claims and defenses in bona fide disputes.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over this action under 28 U.S.C. § 1345 and 26 U.S.C. §§ 7402 and 7408.

2. Injunctive relief is appropriate under 26 U.S.C. §§ 7402 and 7408, 28 U.S.C. § 1651, and the court's inherent equity powers.

3. Defendant has engaged, and appears likely to continue to engage, in a course of conduct calculated to harass, impede, impair and substantially interfere with the administration and enforcement of the Internal Revenue laws and the operation of

the judicial system of the United States. Injunctive relief is appropriate to prevent the continuation, repetition and proliferation of such conduct.

4. Defendant has engaged in conduct which is subject to civil penalties under 26 U.S.C. § 6700 and injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent the recurrence of such conduct.

5. Defendant has actively fomented litigation solely for the purpose of harassing the judicial system and the Internal Revenue Service as an institution and not for vindication of any legal rights. Such conduct is likely to continue unless enjoined and will continue to harm the public interest by occupying the court with inconsequential matters and will continue to harm defendant's customers who, in addition to losing money paid to him for false and fraudulent advice, as well as for penalties assessed by the Internal Revenue Service, may also suffer sanctions from the courts for maintaining actions based on such advice.

Based upon the foregoing, IT IS ORDERED that:

Defendant David White, individually and doing business as Minnesota Society for Educated Citizens, his agents, servants, employees, attorneys and all those in active concert or participation with them are enjoined from directly or indirectly

1. Organizing, selling or assisting in the organization of an entity or otherwise promoting any plan or arrangement based upon (i) the false representation that wages, salaries or other compensation for labor or services are exempt from federal income taxation, or (ii) any other such frivolous claim with respect to the scope of federal income taxation, or (iii) any false or fraudulent claim regarding the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit for federal income tax purposes.

2. Advertising, marketing, or selling any documents or other information advising taxpayers that wages, salaries or other income not specifically excluded from taxation under Title 26 U.S.C. are not taxable income.

3. Providing forms for or assisting any individual in the preparation of false Forms W-4 and W4E, Forms 1040X, or any other form, return or declaration claiming that the taxpayer is exempt from federal income taxation or entitled to excessive withholding allowances.

4. Filing, providing forms for, or otherwise engaging in aiding and abetting the institution of prosecution of any civil action in any court in the United States based upon (a) the claim that wages or salaries or other compensation for labor or services are not subject to federal income tax or (b) any other such frivolous claim with respect to federal income taxation.

5. Engaging in any other conduct subject to penalty under Section 6700 of the Internal Revenue Code (26 U.S.C.).

The Clerk is directed to enter judgment accordingly.