**UNITED STATES of America, Appellee,**

**v.**

**David WHITE, individually and doing
business as Minnesota Society for
Educated Citizens, Appellant.**

No. 84–5132.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1985.

Decided Aug. 8, 1985.

James Dueholm, Minneapolis, Minn., for appellant.

Bruce R. Ellisen, Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

David White appeals from an order entered in the District Court[1] for the District of Minnesota granting the government's motion for permanent injunctive relief. For reversal appellant argues that (1) there was insufficient evidence of tax law violations, (2) the injunction constitutes an impermissible prior restraint in violation of the first amendment, and (3) the injunction is overbroad. For the reasons discussed below, we affirm the order of the district court.

The government petitioned the district court for preliminary injunctive relief pursuant to 26 U.S.C. §§ 6700, 7408. The dis-

trict court consolidated the hearing for preliminary injunctive relief and trial on the merits. Fed.R.Civ.P. 65(a)(2). The following statement of facts is largely taken from the memorandum and order of the district court. *United States v. White*, 583 F.Supp. 1118 (D.Minn.1984).

Appellant is the founder and "executive director" of the Minnesota Society for Educated Citizens (MSEC). Since at least 1982 appellant has engaged in the business of promoting and selling materials to the public that contain detailed instructions about false or fraudulent means to evade federal income taxes, especially as applied to the taxation of wages, salaries or other compensation for labor or services. Appellant also orally instructed individuals and offered for sale materials on how to harass and impede employees of the Internal Revenue Service (IRS).

Appellant promoted and sold to the public for $50.00 a packet of materials consisting of a cassette tape and written materials, including sample federal income tax forms, created by George Arlen of Dallas, Texas, who is the head of an organization called the "American Patriots Association" (APA). The MSEC operates as the Minnesota affiliate of the APA. Appellant also sold annual memberships in the MSEC for $250.00. The district court found that the tax information contained in the packet of materials promoted and sold by appellant was false and fraudulent on its face because the materials consisted of "frivolous arguments against the constitutionality and legality of the federal income tax system, arguments which have been repeatedly and uniformly rejected by the courts." *Id.* at 1119.

The above mentioned packet of materials included the "Patriots Pursuit of Happiness Plan" (PPH plan). The PPH plan is premised upon the following false and fraudulent representations: the federal income tax is a direct tax not apportioned among the states and is therefore unconsti-

---

**1.** The Honorable Edward J. Devitt, United States Senior District Judge for the District of Minnesota.

tutional, the federal income tax does not apply to wages or salaries because wages or salaries are the result of an even exchange of property (labor) for property (wages) of equal value, only corporate officers are subject to income tax withholding on wages or salaries, the duty to pay income taxes is dependent upon receiving privileges from the government, and an individual's annual total wages or salary cannot be correctly reported as "wages, salaries, or other compensation" on a federal income tax return.

Appellant also promoted and sold additional tax-related materials which included detailed instructions about methods calculated to evade the withholding of income taxes and FICA (Social Security) taxes on wages, ways to obtain federal income tax refunds using a fraudulent schedule "C" by characterizing wages or salary as gross receipts from the business of labor contracting and taking an artificially created offsetting deduction for "costs of goods sold," the preparation of complaints and other legal materials to be filed in court to claim tax refunds on the basis of frivolous tax arguments, and methods calculated to "delay, hinder or impede audits, investigation and other lawful actions necessary and appropriate for the administration and enforcement of the Internal Revenue laws." *Id.* at 1120.

The government also presented evidence of at least fifteen federal income tax returns for the 1982 calendar year filed in the St. Paul district which appeared to be based upon appellant's PPH plan and at least fifteen civil actions for tax refunds filed in the District Court for the District of Minnesota which appeared to be based upon the frivolous legal arguments advanced by appellant's PPH plan. As noted by the district court, at the time of the consolidated hearing, most of these law-suits for refunds of withholding taxes and for refunds of frivolous return penalties had either been dismissed or decided against the taxpayer plaintiffs, usually with an award of attorney's fees to the government. *Id.*

The district court specifically found that the PPH plan was so clearly illegal that the government would succeed on the merits against anyone who sought to escape federal income tax liability through the plan; the government would suffer irreparable harm if the injunction was not granted; appellant's promotion and sale of the PPH plan was contrary to the public interest; and the threatened harm to the government, individual taxpayers who followed the PPH plan and the public interest in the administration and enforcement of the tax laws outweighed any threatened injury to appellant. *Id.* The district court further noted that the government expends considerable time and resources responding to frivolous tax arguments, both at the administrative and judicial levels, and that false and fraudulent tax evasion schemes frustrate the administration and enforcement of the federal tax laws and constitute a threat to the collection of tax revenues. *Id.* In a detailed order the district court permanently enjoined appellant from directly or indirectly organizing, promoting, advertising, marketing, or selling any plan or arrangement based upon the false representation that wages, salaries or other compensation for labor or services are exempt from federal income taxation, from providing or assisting in the preparation of false withholding forms, and from filing, assisting others in filing or providing forms for filing frivolous civil actions based upon the claim that wages or salaries or other compensation for labor or services are not subject to federal income taxation.[2]

**2.** The district court order provides in part:

Defendant David White, individually and doing business as Minnesota Society for Educated Citizens, his agents, servants, employees, attorneys and all those in active concert or participation with them are enjoined from directly or indirectly

1. Organizing, selling or assisting in the organization of an entity or otherwise promoting any plan or arrangement based upon (i) the false representation that wages, salaries or other compensation for labor or services are exempt from federal income taxation, or (ii) any other such frivolous claim with respect to the scope of federal income taxation, or (iii)

For reversal appellant argues that there is insufficient evidence of tax law violations to support the granting of permanent injunctive relief. Appellant argues that the government's evidence was based upon the observations of an IRS special agent who, during the course of his investigation of appellant and the MSEC, attended only four MSEC meetings, became a MSEC member for $250.00 and purchased only one packet of PPH plan materials for $50.00. Appellant argues that this evidence is insufficient to establish a violation of § 6700. We disagree.

> any false or fraudulent claim regarding the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit for federal income tax purposes.
> 2. Advertising, marketing, or selling any documents or other information advising taxpayers that wages, salaries or other income not specifically excluded from taxation under Title 26 U.S.C. are not taxable income.
> 3. Providing forms for or assisting any individual in the preparation of false Forms W–4 and W4E, Forms 1040X, or any other form, return or declaration claiming that the taxpayer is exempt from federal income taxation or entitled to excessive withholding allowances.
> 4. Filing, providing forms for, or otherwise engaging in aiding and abetting the institution of prosecution of any civil action in any court in the United States based upon (a) the claim that wages or salaries or other compensation for labor or services are not subject to federal income tax or (b) any other such frivolous claim with respect to federal income taxation.
> 5. Engaging in any other conduct subject to penalty under Section 6700 of the Internal Revenue Code (26 U.S.C.).
> *United States v. White,* 583 F.Supp. 1118, 1121 (D.Minn.1984).

**3.** Section 6700 provides in pertinent part:

> **§ 6700. Promoting abusive tax shelters, etc.**
> **(a) Imposition of Penalty.**—Any person who—
> (1)(A) organizes (or assists in the organization of)—
> (i) a partnership or other entity,
> (ii) any investment plan or arrangement, or
> (iii) any other plan or arrangement, or
> (B) participates in the sale of any interest in an entity or plan or arrangement referred to in subparagraph (A), and
> (2) makes or furnishes (in connection with such organization or sale)—
> (A) a statement with respect to the allowability of any deduction or credit, the excluda-

The government brought this action for injunctive relief pursuant to an express statutory authorization, 26 U.S.C. §§ 6700, 7408, two sections which were added to the Internal Revenue Code of 1954 by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324.[3]

Section 7408 authorizes the [Secretary of the Treasury] to sue for an injunction on the grounds that the defendant has engaged in conduct subject to penalty under section 6700. 26 U.S.C. § 7408(a). If the district court finds that the defend-

> bility of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter, or
> (B) a gross valuation overstatement as to any material matter,
> shall pay a penalty equal to the greater of $1,000 or 10 percent of the gross income derived or to be derived by such person from such activity.
> . . . .
> **(c) Penalty in addition to other penalties.**—The penalty imposed by this section shall be in addition to any other penalty provided by law.

Section 7408 provides:

> **§ 7408. Action to enjoin promoters of abusive tax shelters, etc.**
> **(a) Authority to seek injunction.**—A civil action in the name of the United States to enjoin any person from further engaging in conduct subject to penalty under section 6700 (relating to penalty for promoting abusive tax shelters, etc.) may be commenced at the request of the Secretary. Any action under this section shall be brought in the district court of the United States for the district in which such person resides, has his principal place of business, or has engaged in conduct subject to penalty under section 6700. The court may exercise its jurisdiction over such action (as provided in section 7402(a)) separate and apart from any other action brought by the United States against such person.
> **(b) Adjudication and decree.**—In any action under subsection (a), if the court finds—
> (1) that the person has engaged in any conduct subject to penalty under section 6700 (relating to penalty for promoting abusive tax shelters, etc.), and
> (2) that injunctive relief is appropriate to prevent recurrence of such conduct,
> the court may enjoin such person from engaging in such conduct or in any other activity subject to penalty under section 6700.

ant has engaged in such conduct and that injunctive relief is appropriate to prevent its recurrence, then the court may enjoin the defendant from engaging in it or in any other activity subject to penalty under section 6700. [*Id.*] § 7408(b)....

....

... Congress designed section 6700 as a "penalty provision specifically directed toward promoters of abusive tax shelters *and other abusive tax avoidance schemes.*"

*United States v. Savoie*, 594 F.Supp. 678, 680 (W.D.La.1984) (involving Louisiana affiliate of "American Patriot Network" and similar false representations that wages, salaries or other compensation for labor or services are not subject to federal income taxation), *citing* S.Rep. No. 494, 97th Cong., 2d Sess. 266, *reprinted in* 1982 U.S. Code Cong. & Ad.News 781, 1014 (emphasis added); *see United States v. May*, 555 F.Supp. 1008, 1008–10 (E.D.Mich.1983) (representations that wages, salaries or business income is not taxable). Thus, the present case involves

a statute expressly authorizing injunctive relief at the request of the Secretary of the Treasury, on the finding by the court of stated preconditions, against actions denounced as wrongful by positive, public law. In such an instance, the traditional equity guidelines for injunctive relief, both preliminary and permanent, may be somewhat modified.

*United States v. Buttorff*, 761 F.2d 1056, 1063 (5th Cir.1985) (citations omitted); *cf. United States v. Landsberger*, 692 F.2d 501, 503–04 (8th Cir.1982) (affirming permanent injunction of fraudulent and deceptive conduct that substantially interfered with proper administration of tax laws pursuant to 26 U.S.C. §§ 7402(a), 7407). " 'When an injunction is explicitly authorized by statute, proper discretion usually requires its issuance if the prerequisites for the remedy have been demonstrated and the injunction would fulfill the legislative purpose.' " *United States v. Buttorff*, 761 F.2d at 1059, *citing Donovan v. Brown Equipment & Service Tools, Inc.*, 666 F.2d

148, 157 (5th Cir.1982); *cf. United States v. Landsberger*, 692 F.2d at 504 (affirming permanent injunction as a matter of law).

■ Here, the district court specifically found that appellant's conduct was subject to penalty under § 6700 and that injunctive relief was appropriate to prevent recurrence of the conduct. 583 F.Supp. at 1121. We have carefully reviewed the record and conclude that the district court correctly found that appellant's conduct was subject to penalty under § 6700. *See United States v. Buttorff*, 761 F.2d at 1059–63; *United States v. Savoie*, 594 F.Supp. at 680–82. The evidence established that appellant had "organized" the MSEC and sold the PPH plan, a tax avoidance plan or arrangement. The evidence also established that, in connection with the MSEC and the promotion and sale of the PPH plan, appellant had made false or fraudulent representations about "the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit," 26 U.S.C. § 6700(a)(2)(A), which appellant knew or had reason to know were false or fraudulent because such representations had been repeatedly and consistently rejected by the courts. Finally, the evidence established that appellant's false or fraudulent representations concerned "material matter." *Id.* The taxpayers who have been or are now being audited by the IRS or are involved in litigation because they relied upon appellant's representations should certainly have been informed about their complete lack of merit.

■ The record also supports the appropriateness of an injunction to prevent recurrence of appellant's conduct. As noted by the district court, there was no evidence that, absent an injunction, appellant would stop promoting and selling the PPH plan. In addition, the district court specifically found, as noted above, that each of the four prerequisites for granting injunctive relief was satisfied in the present case. *E.g., Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (banc).

■ Appellant specifically argues, and the government concedes, Brief for Appellee at 24, that there was no evidence directly linking appellant with the frivolous refund and withholding actions cited by the government. We do not believe, however, that such evidence is necessary to warrant injunctive relief under § 7408. We do not read § 7408 to require proof of taxpayer reliance; all that is required is proof that appellant's conduct was subject to penalty under § 6700 and injunctive relief is appropriate to prevent recurrence of such conduct. *See United States v. Buttorff,* 761 F.2d at 1063 ("No other requirements are stated."). We have already concluded that the district court correctly found that appellant's conduct was subject to penalty under § 6700. Evidence of the number of returns filed that incorporate the features of the PPH plan, estimates of the administrative costs of IRS audits and of the tax deficiencies involved, and specific examples of taxpayers who relied upon the PPH plan would have been helpful and interesting but is not a prerequisite to § 7408 relief. *See United States v. Buttorff,* 761 F.2d at 1058, 1063 (464 income tax returns involved, total tax deficiencies of $3.2 million, IRS overhead of $400,000).

We also note that requiring proof of taxpayer reliance upon appellant's false or fraudulent representations could frustrate the legislative purpose.

> The legislative history of sections 6700 and 7408 indicates a congressional finding that [civil or criminal penalties for false or fraudulent return preparation or willful attempts to evade tax] and other existing legal remedies for halting abusive tax shelters were not adequate. Indeed, the legislative purpose in enacting these statutes was to allow the IRS to attack the growing phenomenon of abusive tax shelters at their source—the organizer and sales[person]—in the "most effective way"—by injunction. . . .

Moreover, section 7408 specifically provides that "[t]he court may exercise its jurisdiction over such action . . . separate and apart from any other action brought by the United States against such person." 26 U.S.C. § 7408(a). And, the legislative history clearly indicates that section 7408 was intended to provide an additional remedy against promoters of abusive tax shelters, but "not in any way [to] restrict the right of the United States to commence or carry on any other action against the organizer or seller."

*Id.* at 1063–64 (footnote omitted), *citing* S.Rep. No. 494, 97th Cong., 2d Sess. 269, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1017.

■ Appellant next argues that the injunction constitutes an impermissible prior restraint in violation of the first amendment. We disagree. Appellant's representations were made in connection with his efforts to promote and sell for profit the PPH plan and thus constitute commercial speech. *See In re R.M.J.,* 455 U.S. 191, 203, 102 S.Ct. 929, 937, 71 L.Ed.2d 64 (1982); *Central Hudson Gas & Electric Corp. v. Public Service Comm'n,* 447 U.S. 557, 563–64, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341 (1980); *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 771–72, 96 S.Ct. 1817, 1830–31, 48 L.Ed.2d 346 (1976).

> Truthful advertising related to lawful activities is entitled to the protections of the First Amendment. But when the particular content or method of the advertising suggests that it is inherently misleading or when experience has proved that in fact such advertising is subject to abuse, the States may impose appropriate restrictions. Misleading advertising may be prohibited entirely.

*In re R.M.J.,* 455 U.S. at 203, 102 S.Ct. at 937. In addition, the first amendment does not protect commercial speech which promotes an illegal activity or transaction. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 496, 102 S.Ct. 1186, 1192, 71 L.Ed.2d 362 (1982) (upholding ordinance regulating sale

of drug paraphernalia); *cf. United States v. Buttorff*, 572 F.2d 619, 624 (8th Cir.) (affirming criminal conviction for aiding and abetting others to violate tax laws; defendants' speech "incited" several individuals to undertake imminent lawless activity, citing *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969)), *cert. denied*, 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978).

The commercial speech in question in the present case, appellant's representations regarding the allowability of deductions, the excludability of income and the tax benefits of the PPH plan, was not only completely misleading, but it also promoted tax evasion and abusive tax avoidance. *United States v. Buttorff*, 761 F.2d at 1066; *United States v. Savoie*, 594 F.Supp. at 683; *United States v. May*, 555 F.Supp. at 1010.

■ Appellant also argues that the injunction is overbroad. As stated by the Supreme Court in *In re R.M.J.*, 455 U.S. at 203, 102 S.Ct. at 937, "[a]lthough the potential for deception and confusion is particularly strong in the context of advertising for professional services, restrictions upon such advertising may be no broader than reasonably necessary to prevent the deception." We do not believe the district court's injunction is overbroad. The district court issued the injunction pursuant to § 7408 and we believe the injunction should be construed in that context. In particular, the injunction specifically prohibits only appellant's commercial speech that has been shown to be false or fraudulent, and thus misleading, and that is likely to promote illegal activity. Such representations are not entitled to first amendment protection. *See United States v. Buttorff*, 761 F.2d at 1066–67. The injunction does not prohibit appellant from disseminating any information about federal income taxation or from advocating tax reform.

Accordingly, the order of the district court granting permanent injunctive relief is affirmed.