LARRY G. SOLOMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Solomon v. Commissioner
Docket No. 1084-93
United States Tax Court
T.C. Memo 1993-509; 1993 Tax Ct. Memo LEXIS 519; 66 T.C.M. (CCH) 1201; November 3, 1993, Filed *519 Larry G. Solomon, pro se. For respondent: John W. Duncan. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter was heard by Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This matter is before the Court on respondent's Motion For Summary Judgment. By separate notices of deficiency, both dated October 20, 1992, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1989
$ 10,307
$ 1,044
$ 233
1990
10,245
980
212
In the notices of deficiency, respondent determined that petitioner, an individual domiciled *520 in Illinois, failed to file Federal income tax returns for 1989 and 1990, and did not report income in the following amounts for those years: Source 1989
1990
International United Auto - Wages
$ 46,647
$ 47,950
Interest
191
175
Caterpillar, Inc. ESOP - Pension
576
-- In determining the deficiency for each taxable year, respondent subtracted from total income the applicable amount for an exemption and standard deduction, and credited against the tax the amounts of $ 6,131 for 1989 and $ 6,327 for 1990, which were withheld from petitioner's wages. In addition to the income tax, the deficiency for taxable year 1989 includes the 10 percent additional tax on an early distribution from a qualified retirement plan under section 72(t). At the time petitioner filed his petition, he resided in Cerro Gordo, Illinois. In his petition, petitioner contends that respondent erred in determining the deficiencies and additions to tax because "All income received by Petitioner for the tax years in question is/was untaxable 'earned income' as defined in I.R.C. Section 911(d)(2)(A)." At the hearing on respondent's Motion For Summary Judgment, petitioner also claimed that "all *521 of my gross income was received without the United States as defined in Subchapter N of 26 CFR 1.861-1", and "I am not a citizen of the federal U.S. I make a living in the state of Illinois as a right, and I am not subject to the jurisdiction of the federal United States." We find no support for petitioner's position in the authorities he cites. Section 911(d)(2)(A) provides a definition of "earned income" for purposes of section 911. Section 911(a) allows an exclusion from gross income for foreign earned income at the election of a qualified individual, defined as an individual whose tax home is in a foreign country. Sec. 911(d)(1). Petitioner had no foreign earned income and is not a qualified individual for purposes of section 911. Similarly, petitioner's position is not bolstered by the regulations under section 861. To the contrary, section 861(a)(1) and (3) provides that interest from the United States and compensation for labor or personal services performed in the United States (with exceptions not applicable here) are items of gross income which shall be treated as income from sources within the United States. Section 1 imposes an income tax on the income of every *522 individual who is a citizen or resident of the United States. During the years at issue petitioner resided in Illinois and therefore was a resident of the United States and subject to tax under section 1. A Federal income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioner's gross income in each year exceeds the minimum amount. In short, petitioner is a taxpayer subject to the Federal income tax laws. Petitioner attempts to argue an absurd proposition, essentially that the State of Illinois is not part of the United States. His hope is that he will find some semantic technicality which will render him exempt from Federal income tax, which applies generally to all U.S. citizens and residents. Petitioner's arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions. See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); Martin v. Commissioner, T.C. Memo. 1990-560; *523 Everett v. Commissioner, T.C. Memo. 1989-605. Rule 121 provides that either party may move, with or without supporting affidavits, for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy. A decision shall thereafter be rendered if the pleadings and any other acceptable material, together with the affidavits, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. When a motion is made, an adverse party may not rest upon the mere allegations or denials of such party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Rule 121(a), (b), (d). Petitioner filed no written response to respondent's Motion For Summary Judgment, and set forth no facts at the hearing showing an issue for trial. We find that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Therefore, respondent's Motion For Summary Judgment will be granted. The final matter we consider is whether we should, on our own motion, award a penalty to the United States under section *524 6673. Section 6673, as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, provides, in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner had no interest in disputing either the deficiencies or the additions to tax determined by respondent. Furthermore, it is clear that petitioner instituted this action to delay the assessment and collection of his Federal income taxes. Rather, petitioner has raised only the tired, discredited arguments which are characterized as tax protester rhetoric. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), *525 affg. in part an unreported order of this Court. Based upon the established law, petitioner's position is frivolous and groundless. Taxpayers with genuine controversies were delayed while we considered this case. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 5,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, supra.
An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩