UNITED STATES of America, Plaintiff,

v.

Jack COHEN, Defendant.

No. CV 04–0332–P.

United States District Court,
W.D. Washington.

May 6, 2004.

Order denying reconsideration
June 22, 2004.

Donald Dowie, Tax Division, U.S. Department of Justice, Washington, D.C., for Plaintiff.

Jack Cohen, Fircrest, WA, pro se.

## ORDER GRANTING PRELIMINARY INJUNCTION

PECHMAN, District Judge.

The United States filed its Complaint for Injunction and Other Relief (doc. # 1) on February 18, 2004, and moved for a preliminary injunction against the defendant, Jack Cohen, on March 10, 2004. The motion for a preliminary injunction is supported by the Declaration of Revenue Agent Sean Flannery and Exhibits A–D to his Declaration (doc. # 2). Defendant has not filed an answer or responded to the United States' Motion and Brief in Support of Motion for Preliminary Injunction (doc. # 3). In accordance with Fed.R.Civ.P. 65(d), the Court's findings of fact and reasons for the entry of a preliminary injunction against the defendant are set forth below:

### Standards for Entry of Preliminary Injunction

#### A. *IRC § 7408 injunction*

Section 7408(a) of the Internal Revenue Code of 1986 (26 U.S.C.) (hereinafter "IRC") provides that the United States may commence an action in a district court to enjoin any person from engaging in conduct subject to penalty under IRC §§ 6700 and 6701. A district court has authority to grant such relief, if it finds (IRC § 7408(b))—

(1) that the person has engaged in any conduct subject to penalty under section 6700 ... or section 6701 ..., and

(2) that injunctive relief is appropriate to prevent recurrence of such conduct[.]

Since IRC § 7408 expressly provides for an injunction, the traditional guidelines for equitable relief do not have to be established for an injunction to issue. *United States v. White,* 769 F.2d 511, 515 (8th Cir.1985); *United States v. Buttorff,* 761 F.2d 1056, 1059 (5th Cir.1985) ("When an injunction is explicitly authorized by statute, proper discretion usually requires its issuance if the prerequisites for the remedy have been demonstrated and the injunction would fulfill the legislative purpose").

Code Section 6700 imposes a monetary penalty on any person who organizes, promotes or sells "a partnership or other entity," "an investment plan or arrangement," or "any other plan or arrangement," and in connection therewith makes or furnishes a statement about the tax consequences of participating which he knows, or has reason to know, is false or fraudulent. IRC § 6700(a)(2)(A); *see, e.g. United States v. White,* 769 F.2d at 514–15; *United States v. Buttorff,* 761 F.2d at 1059–63.

Code Section 6701 imposes penalties on any person who (1) aids, assists, or advises with respect to the preparation or presentation of any portion of a return; (2) knowing or having reason to believe that such assistance or advice will be used in connection with any material matter, and (3) who knows that such portion of the return, if used, would result in an understatement of another person's tax liability.

#### B. *IRC § 7402 injunction*

IRC § 7402(a), a separate provision allowing the Court to enter injunctions, gives the district courts power to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws. IRC § 7402(a) confers upon district courts "a broad range of powers to compel compliance with the tax laws," even in instances "when such interference does not violate any particular tax statute." *United States v. Ernst & Whinney,* 735 F.2d 1296, 1300 (11th Cir. 1984), *cert. denied,* 470 U.S. 1050, 105 S.Ct. 1748, 84 L.Ed.2d 814 (1985). The legislative history accompanying IRC § 7408 explicitly states that "the court will continue to have full authority to act under [IRC § 7402] and

will continue to possess the great latitude inherent in equity jurisdiction to fashion appropriate equitable relief." S.Rep. No. 97–494, supra at 269, U.S.Code Cong. & Admin.News 1982, pp. 781, 1017.

Under IRC § 7402, the United States must show that an injunction is necessary or appropriate for the enforcement of the internal revenue laws and that the following four traditional equity factors weigh in favor of granting a preliminary injunction against defendant:

(1) whether the United States will suffer irreparable injury;

(2) whether harm to Cohen will result if the temporary injunctive relief is granted;

(3) whether the United States will ultimately prevail; and

(4) whether an injunction will serve the public interest.

### Findings of Fact and Reasons for Entry of Preliminary Injunction

1. Defendant Jack Cohen resides at 6470 19th Street, Apartment F in Tacoma, Washington. Despite being personally served with process in this civil action on February 28, 2004, Cohen has not filed an answer or otherwise responded to the Complaint for Injunction and Other Relief, and is therefore in default.

2. Defendant has also failed to respond to the Government's motion for a preliminary injunction, which was served on him on March 9, 2004, and filed on March 10, 2004.

3. Attached to the Declaration of Revenue Agent Sean Flannery as exhibit A are copies of pages that he printed from the internet website www.taxax.org. These pages include a home page (titled "The Tax Ax"), a "Layman's Guide to Withholding" (which advocates that employers stop withholding federal income and social security taxes from the wages of their employees), and pages where defendant markets his products and services. Defendant is identified throughout the pages of "The Tax Ax" as its author and publisher.

4. A fair reading of "The Tax Ax" and the other materials contained in exhibit A shows that Cohen has engaged in conduct subject to penalty under IRC § 6700 by organizing and promoting an abusive tax scheme which advocates the following non-exclusive list of false or fraudulent statements regarding the internal revenue laws:

a. Cohen repeatedly asserts that the federal income tax is a "hoax," that individual taxpayers are not required to pay federal income taxes on their respective gross incomes, and that the IRS is not a government agency;

b. Cohen advocates a discredited scheme called the "U.S. Sources Argument" (also known as the IRC § 861 argument) which asserts that U.S. citizens and residents are not subject to tax on wages and other income earned or derived in the United States, and that only income from foreign sources is taxable; and

c. Claims that employers are not legally required by the internal revenue laws to withhold income or employment taxes from the wages paid to their employees.

5. Cohen also violates IRC § 6700 by marketing the following products and services on "The Tax Ax" website:

a. *The W–4 Killer Pack, price $50,00.* Cohen sells the W–4 Killer Pack as "a kit for employees who wish to stop the withholding process."

b. *Custom Letters, price $100,00.* Also referred to as the "Attack Pack," these letters are "intended to build a solid foundation to reverse the government's presumption that we are 'taxpayers' pursuant to the [Internal Revenue] Code . . ."

c. *W–2/1099 Rebuttals, price $100,00.* Cohen states that "[t]hese letters disclaim the validity of any [IRS Form] W–2 or 1099 as containing false information," and are "intended to stymie the IRS, and pave the way for asking for refunds (without filing 'returns')."

d. *Tax–Collecting Employer Challenge, price $250,00.* Cohen promotes the "Tax Ax challenge to employers" which "consists of 1) a letter to em-

ployers, in the form of a notice and intent to sue unless they provide proof of authority to withhold, and a demand that they cease and desist absent such proof, 2) a letter for employers to send to IRS, to find out if the government will defend them in such a lawsuit (they won't), 3) a statement in support of notice of intent to sue, and 4) two exhibits that prove most government 'officials', are really government employees subject to withholding, in partial support of the statement."

Exhibit A to the Declaration of Revenue Agent Sean Flannery.

6. Cohen's promotion of false statements about the availability of tax benefits, as well as his activities in marketing products designed to frustrate the proper administration of the internal revenue laws (including, but not limited to, the provisions of the Internal Revenue Code which require individual taxpayers to file tax returns and employers to withhold federal income and social security taxes), clearly constitute conduct that is subject to penalty under IRC § 6700 that may be enjoined under IRC § 7408. *See e.g. United States v. Bosset,* 2003 WL 1735481, 91 A.F.T.R.2d 2003–1308 (M.D.Fla.2003) (permanently enjoining tax return preparer from asserting frivolous Section 861 argument); *United States v. Farnell,* 2003 WL 690888, 91 A.F.T.R.2d 2003–754 (M.D.Fla.2003) (same). *See also United States v. Bell,* 238 F.Supp.2d 696, 705 n. 8 (M.D.Pa.2003) (preliminary injunction against website promoter of Section 861 argument appropriate under IRC §§ 6700 and 7408).

7. To obtain an injunction under IRC § 7408, the United States must show that (1) defendant organized or sold, or participated in the organization or sale of, an entity, plan or arrangement; (2) defendant made, or caused to be made, false or fraudulent statements concerning the tax benefits to be derived from the entity, plan or arrangement; (3) defendant knew or had reason to know that statements were false or fraudulent; (4) the false or fraudulent statements pertained to a material matter; and (5) an injunction is necessary to prevent the recurrence of the conduct. *United States v.*

*Estate Preservation Services,* 202 F.3d 1093, 1098 (9th Cir.2000).

8. The first requirement for a § 7408 injunction is met here because Cohen's promotion of the Section 861 argument on his website *www.taxax.org* and his offers to sell products designed to unlawfully impede or frustrate the collection of federal taxes are clearly a "plan or arrangement" within the meaning of IRC § 6700(a)(1)(A)(iii). *Bosset,* 2003 WL 1735481 at *2 ("The documents, advice and other services provided by Bosset in advancing the Sec. 861 argument constitute assisting in the organization or organizing a plan or arrangement for the avoidance of taxation.").

9. The excerpts from Cohen's website *www.taxax.org* attached to the Declaration of Revenue Agent Sean Flannery demonstrate that Cohen made or caused to be made false or fraudulent statements regarding the tax savings that taxpayers could realize under his erroneous interpretation of IRC § 861 and other provisions of the internal revenue laws. These false statements include Cohen's claims that: (1) IRC § 61(a) defines gross income to include the items listed therein only if they are derived from specifically listed sources; (2) Treasury Regulations contain a binding definition of "sources" from which income must be derived before it is gross income; (3) Treasury Regulation § 1.861–8(f)(1) identifies the specific sources from which income must be derived in order for it to be taxable; and (4) the term "wages," as used in IRC § 3401, excludes all remuneration paid to U.S. citizens except that income which is considered gross income under IRC § 911. Exhibit A to the Declaration of Revenue Agent Sean Flannery. As Cohen's version of the Section 861 argument is based entirely on false interpretations of the Internal Revenue Code and Treasury Regulations, the second requirement has been met. *See* IRS Notice 2001–40, 2001–1 C.B. 1355; *Bell,* 238 F.Supp.2d at 700 ("Bell's 'U.S. Sources' argument is nonsensical").

10. Third, Cohen knew or had reason to know that the Section 861 argument and other statements concerning the validity of the internal revenue laws were false or fraudulent. In *United States v. Estate Pres-*

*ervation Services, supra,* the Ninth Circuit held that factors relevant to determining whether a particular promoter possesses the requisite scienter to violate Section 6700 include: (1) the extent of the promoter's reliance upon knowledgeable professionals; (2) the promoter's level of sophistication and education; and (3) the promoter's familiarity with tax matters. 202 F.3d at 1103. Even when these factors are considered, it is evident that Cohen knew or had good reasons to know that his representations were false or fraudulent.

11. Defendant does not claim on his website that he relied on knowledgeable professionals to arrive at his conclusions that taxpayers are not required to file tax returns or pay income taxes. Instead, Cohen asserts (in the website advertisement for his book, *American Liberty v. Forced Withholding,* a " 'how-to' manual to stop withholding, reporting, or paying by demanding that the government abide by the Constitution") that his views are the "product of years of fastidious research into American tax law." His website, *www.taxax.org,* is an extensive and highly sophisticated diatribe against the internal revenue laws, and contains extended discussions of various provisions of the Internal Revenue Code and Treasury Regulations. Cohen is so familiar with the tax laws that he was able to file in this Court, *pro se,* a petition to quash the IRS summons served on him by Revenue Agent Flannery as part of his investigation into Cohen's activities as an alleged tax shelter promoter. *See Jack Cohen v. Sean Flannery, Revenue Agent, et al.,* Case No. MS–03–192 (W.D.Washington). Cohen, therefore, is quite familiar with tax matters.

12. Cohen should also have known that his statements were false or fraudulent because all of the courts that have had occasion to analyze the so-called "Section 861 argument" have rejected it, and have frequently imposed sanctions on its proponents. *See e.g. Madge v. Commissioner,* 80 T.C.M. (CCH) 804, 2000 WL 1800520 (2000), *aff'd,* 23 Fed.Appx. 604, 2001 WL 1414315 (8th Cir. 2001); *Williams v. Commissioner,* 114 T.C. 136, 138, 2000 WL 230343 (2000); *Solomon v. Commissioner,* 66 T.C.M. (CCH) 1201, 1993 WL 444615 (1993), *aff'd,* 42 F.3d 1391 (7th Cir.1994).

13. Altogether, the foregoing indicia are more than sufficient to establish that Cohen knew or had reason to know that his representations that IRC § 861 and the accompanying Treasury Regulations excused nearly all taxpayers from filing tax returns and paying taxes were false or fraudulent. In *United States v. Raymond,* 78 F.Supp.2d 856 (E.D.Wis.1999), *aff'd,* 228 F.3d 804 (7th Cir. 2000), *cert. denied,* 533 U.S. 902, 121 S.Ct. 2242, 150 L.Ed.2d 230 (2001), the District Court found that Raymond, a self-employed roofer and unsuccessful political candidate, knew or should have known that the "De–Taxing America Program" which he sold contained false statements. 78 F.Supp.2d at 882. *A fortiori,* Cohen knew or should have known that his representations that taxpayers are not required to file returns or pay taxes were false.

14. The fourth element required to obtain an injunction under IRC § 7408 is evidence that the promoter's false or fraudulent statements pertained to a material matter. IRC § 6700(a)(2)(A); *Estate Preservation Services,* 202 F.3d at 1098. The false representations on Cohen's website (*www.taxax.org*) concerning the internal revenue laws are "material matters" within the meaning of IRC § 6700(a) because, as explained in *United States v. White,* 769 F.2d at 515, "[t]he taxpayers who have been or are now being audited by the IRS or are involved in litigation because they relied upon [Cohen's representations] should certainly have been informed about their complete lack of merit." *Accord United States v. Estate Preservation Services,* 38 F.Supp.2d at 857. These representations would affect "the decision-making process of any reasonable investor" (*United States v. Campbell,* 704 F.Supp. 715, 724 (N.D.Tex.1988), *aff'd,* 897 F.2d 1317 (5th Cir. 1990)), and are therefore material.

15. With respect to the fifth and last requirement, when a defendant is found to have engaged in conduct subject to penalty under Section 6700, injunctive relief is available under Section 7408(a) if it "is appropriate to prevent the recurrence of such conduct." In making this determination, the

traditional equity requirements need not be met. *United States v. White,* 769 F.2d at 515; *United States v. Buttorff,* 761 F.2d at 1059. In *Estate Preservation Services, supra,* the District Court identified the following factors as relevant to the determination of whether a preliminary injunction should issue to prevent the further promotion of an abusive trust scheme. Those factors include:

> (1) whether mechanisms are in place for continuing the business or scheme; (2) whether the defendant had a high degree of knowledge and level of intent; (3) whether the actionable conduct was an isolated occurrence; (4) whether the defendant insists on the legality of his actions; and (5) whether the defendant has provided assurance that he will change his behavior in the future.

*Estate Preservation Services,* 38 F.Supp.2d at 855 (citations omitted).

16. Here, despite the suit brought against him for injunctive relief, Cohen has continued to operate his website (*www.taxax.org*) and sell kits and publications that are expressly designed to prevent the Internal Revenue Service from assessing and collecting federal taxes. *See Estate Preservation Services,* 38 F.Supp.2d at 855 (looking to whether there are "mechanisms are in place for continuing the business or scheme" in deciding whether to enter injunction). As demonstrated above, Cohen is relatively sophisticated in the field of federal taxation, and under no circumstances can it be maintained that his activities in opposing the IRS and the internal revenue laws amounted to an "isolated occurrence".

17. Cohen has never acknowledged the wrongfulness of his actions in selling materials that lead purchasers to challenge federal withholdings and claim that they are not required to file income tax returns or pay federal taxes. Nor has Cohen given any assurances that he will change his behavior in the future. Cohen's insistence on the legality of his prior actions, when combined with the lack of assurances that he will obey the law in the future, strongly preponderate in favor of issuing an injunction. *See Estate Preservation Services,* 38 F.Supp.2d at 856.

18. Under the circumstances of this case, an injunction under IRC § 7408 is also appropriate because of Cohen's violations of IRC § 6701, which imposes penalties on any person who (1) aids, assists, or advises with respect to the presentation of any portion of a return or other document; (2) knows or has reason to believe that such assistance or advice will be used in connection with any material matter; and (3) who knows that such portion of the return or document, if used, would result in an understatement of another person's tax liability.

19. Cohen has violated IRC § 6701 by aiding, assisting, and advising his customers to prepare documents which falsely claim that they are exempt from withholding requirements of the internal revenue laws. This qualifies as a "material matter" for purposes of IRC § 6701. *See United States v. Smith,* 657 F.Supp. 646, 655 (W.D.La.1986). Cohen's "W–4 Killer," which he advertises on his website for "employees who wish to stop the withholding process," and his "W–2/1099 Rebuttals" are prime examples of his violation of IRC § 6701.

20. For the reasons discussed *infra,* Cohen knows or has reason to know that his conduct directly results in the understatement of taxpayers' tax liabilities. Injunctive relief is also appropriate under IRC § 7408 because of defendant's violations of IRC § 6701.

21. Injunctive relief under IRC § 7402(a) is also necessary to prevent defendant from engaging in activities that interfere with the enforcement of the internal revenue laws. Apart from IRC § 7408, IRC § 7402(a) gives the district courts power to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws. IRC § 7402(a) confers upon district courts "a broad range of powers to compel compliance with the tax laws" even in instances "when such interference does not violate any particular tax statute." *United States v. Ernst & Whinney,* 735 F.2d 1296, 1300 (11th Cir. 1984).

22. The legislative history accompanying Section 7408 explicitly states that "the court will continue to have full authority to act under [Section 7402] and will continue to

possess the great latitude inherent in equity jurisdiction to fashion appropriate equitable relief." S.Rep. No. 97–494, supra at 269, U.S.Code Cong. & Admin.News 1982, pp. 781, 1017. Here, defendant's activities interfere with the administration of the internal revenue laws, and equitable relief is appropriate under IRC § 7402(a) because defendant's activities will cause the Government irreparable injury and its remedies at law are inadequate.

23. As set forth above, defendant provides false and fraudulent tax advice through his website and his sales of forms and documents that result in substantial understatements of his customers' federal tax liabilities.

24. When a taxpayer files a patently improper tax return, the Government is forced to commit substantial administrative resources to determine the correct tax liability or withholding status. The Government's resources are limited. Thus, the administration and enforcement of the federal tax laws will be irreparably harmed if defendant is allowed to continue promoting violations of the tax laws through the internet and his sales of items such as the "W–4 Killer" and the "W–2/1099 Rebuttal."

25. Moreover, the Government has no adequate remedy at law for combating the unlawful elements of the defendants' tax avoidance schemes. Other remedies available to the Government involve actions against each individual taxpayer who follows the advice given by defendant. Pursuing such individual remedies would require expending substantial amounts of the IRS' limited resources and necessarily would not be as effective as enjoining defendant's promotion and sale of the tax advice in the first instance.

26. If left unchecked, defendant's activities will result in substantial irreparable harm to the Government through lost revenues and interference with the proper administration of the revenue laws. Nothing in the record developed in this case indicates that defendant will voluntarily confine his tax advice to stay within the bounds of the law. Indeed, Cohen has never acknowledged that any of his tax beliefs are false or fraudulent. Injunctive relief under IRC § 7402(a) is therefore necessary and appropriate to prevent defendant from continuing to disrupt the federal tax system.

### ORDER

Absent an injunction under IRC §§ 7408 or 7402(a), Cohen will undoubtedly continue to sell the materials advertised on his website (*www.taxax.org*) to unwitting customers in search of aggressive (and illegal) tax reduction strategies. This will only serve to perpetuate the Government's revenue losses, administratively burden the IRS, and cause long-term problems for his customers, who will ultimately pay additional income taxes along with interest and penalties. The Court will therefore enter the following preliminary injunction under Fed.R.Civ.P. 65(a) barring defendant from organizing, promoting and selling tax avoidance materials based upon Cohen's version of the "Section 861 argument," and from engaging in the other abusive conduct described in this memorandum pending a trial on the merits.

### Preliminary Injunction

IT IS ORDERED, ADJUDGED AND DECREED that the United States' motion for a preliminary injunction is GRANTED, and that the defendant, Jack Cohen, and his employees, agents and all other persons in active concert or participation with Cohen who receive actual notice of this Order are enjoined, until the Court orders otherwise, from:

1. Engaging in activity subject to penalty under IRC § 6700, including organizing and/or selling a plan or arrangement (including, without limitation, the Section 861 argument that U.S. citizens with domestic income are not subject to taxation, the argument that Congress cannot tax U.S. citizens, and the argument that wages are not taxable) and making a statement regarding the excludability of income which constitutes commercial speech that they know or have reason to know is false or fraudulent as to any material matter.

2. Engaging in activity subject to penalty under IRC § 6701, including preparing

and/or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position (including, without limitation, the U.S. Sources Argument and the Section 861 scheme) that they know will result in the understatement of tax liability;

3. Engaging in other similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws, including engaging in false, deceptive or misleading commercial speech, or engaging in other false speech which is directed to incite the imminent evasion or attempted evasion of federal taxes and is likely to produce such action.

Further, and in addition to the above prohibition against engaging in conduct subject to penalty under IRC §§ 6700 and 6701, the Court **ORDERS** that, within *12 days* of the date of entry of this order, Cohen must mail (by United States Mail and, if an e-mail address is known, electronic mail) a copy of this order to: (1) every current and former customer for whom Cohen has performed any tax-related service or provided any tax-related advice; and (2) all persons to whom Cohen otherwise sold or distributed any tax-related products, documents, services, or advice.

The Court further **ORDERS** that Cohen must, within *12 days* of this Order, file with the Court a declaration, executed under penalty of perjury, stating that he has complied with the terms of this Order.

The Court further **ORDERS** that within *15 days* of the date of entry of this Order Cohen shall serve the United States with a list of physical and electronic mail addresses to which he sent a copy of this Order. Cohen shall file a certificate of service with the Court that same day evidencing his compliance with this paragraph of the Order.

The Court further **ORDERS** that Cohen must, within *15 days* of this Order, serve the United States with a list of Cohen's customers which set forth their names, addresses and social security numbers. Cohen shall file a certificate of service with the Court that same day evidencing his compliance with this paragraph of the Order.

The Court further **ORDERS** that Cohen must, within *30 days* of this Order, remove from his website *www.taxax.org* all false and fraudulent statements concerning the meaning and application of the internal revenue laws, including (but not limited to) any reference to IRC § 861 or the corresponding Treasury Regulations. Cohen shall also post a copy of this Order on the first page of his website *www.taxax.org* while this litigation is pending a complete copy, in not less than 12-point type, of the Court's preliminary injunction. Cohen must file a sworn certificate of compliance stating that he has complied with this portion of the Order, within *35 days* of the date of this Order.

Further, the Court **ORDERS** that Cohen and his representatives, employees, agents and all other persons in active concert or participation with Cohen who receive actual notice of this Order are enjoined from destroying, dissipating, or altering any documents, including electronic records, that relate in any way to this lawsuit and/or Cohen's customers.

Further, the Court **ORDERS** that the United States may conduct discovery to ensure defendant's compliance with this preliminary injunction.

## ORDER DENYING RECONSIDERATION

This matter comes before the Court on defendant Jack Cohen's motion for reconsideration of this Court's prior order of May 7, 2004. (Dkt. No. 12). The Court notes from the outset that Defendant has filed this motion more than 10 days after the order he wishes to challenge, and that the motion for reconsideration was 17 pages in length, even though the page limitation for motions for reconsideration is six pages. Local Rules CR 7(d)(1) and 7(h). Either of these defects is appropriate grounds for striking the motion and declaration in their entirety. The Court notes, however, that Defendant is pro se, and will grant leniency for such procedural defects this time. The Court expects full compliance with Court rules in all future filings.

"Motions for reconsideration are disfavored." Local Rule CR(7)(h)(1). Such motions will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.*

The Court finds that Defendant's arguments do not reveal any manifest legal error, nor do they reveal any new facts or legal arguments that could not have been raised in opposition to the original motion for preliminary injunction. Such arguments cannot be considered for the first time on motion for reconsideration. Defendant chose not to substantively defend the motion for preliminary injunction, and an order granting that motion was properly entered. The motion for reconsideration is therefore DENIED.